UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEON DASHON SMITH and<br>JOHN JUNIOR FERRELL,<br><br>    Plaintiffs,<br><br>VS.<br><br>MADISON COUNTY SHERIFF'S,<br>DEPARTMENT,<br><br>    Defendant. | No. 19-1198-JDT-cgc |

ORDER SEVERING CASES, GRANTING PLAINTIFF SMITH
LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On September 11, 2019, Plaintiffs Deon Dashon Smith and John Junior Ferrell, who are incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a joint *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Both Plaintiffs signed the complaint, but only Smith has filed a motion to proceed *in forma pauperis* and a copy of his prison trust account statement. (ECF No. 2.)

It is not practicable for multiple *pro se* inmates to litigate their claims in a single action, even if their claims are similar. Therefore, the Court hereby SEVERS the claims of Plaintiff John Junior Ferrell. The Clerk is DIRECTED to open a new civil action for

Plaintiff Ferrell and to docket in the new action a copy of the complaint and this order. This case will proceed with Plaintiff Smith as the sole plaintiff.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Smith has properly submitted an *in forma pauperis* affidavit and a certification of his trust account statement as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Accordingly, Smith is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Smith's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Smith's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, the Clerk also is required to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply when a plaintiff is granted leave to proceed *in forma pauperis*.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Smith's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Smith's account during the preceding month, but only when the amount in the account exceeds $10, until Smith's $350.00 share of the civil filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

> Clerk, United States District Court, Western District of Tennessee,
> 111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Smith's name and the case number as included on the first page of this order.

If Smith is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Smith fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Smith's prison.

The complaint also is before the Court for screening. Smith sues the Madison County Sheriff's Department. His allegations are as follows:

> The issues are concerning the living condition of the CJC. Their [sic] isn't enough living room, beds or mats. There is black mold and mildrew [sic] in our cells & shower. Also the floors and walls. There is 4 people to a cell that only has two bunks. We are also locked in our cells 72 hrs. at a time without showers or communication with the outside world.

(ECF No. 1 at PageID 2.) Smith seeks condemnation of the CJC and $1 million in damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a

short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Smith filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

5

The Madison County Sheriff's Department is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Smith's suit is construed as a claim against Madison County, which may be held liable *only* if Smith's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Smith does not allege that a Madison County policy is responsible for the conditions of the CJC. He merely alleges that the unpleasant conditions exist. Smith therefore fails to state a claim against Madison County, and his complaint must be dismissed.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Smith should be given an opportunity to amend his complaint.

In conclusion, Smith's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order.

Smith is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Smith fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE